OPINION of the Court, by
Judge Owsley.
On the 16th of November 1798, Beauchamp gave an obligation to John Rush, for the conveyance of thirty-four acres of land within six months thereafter ; but, having failed to convey the land, James Davis, as the assignee of Rush, prosecuted an action at law and obtained judgment against him for the value of the land. To obtain relief from the judgment, Beauchamp exhibited his bill in chancery against Davis and Rush : he charges that some time after the conveyance should have been made, , -ii ,- ye • • r i • i i he received a letter from liavts, informing him that he was empowered to settle and receive the value of the land for the use of Rush ; that after suit was commenced at law, be saw Rush, who informed him that Davis was to collect the amount for him, and at which time he actually paid Rush a considerable part of the demand ; that Rush, upon the receipt of the payment made by Beauchamp, wrote a letter to Davis, informing him of the payment, and directing a credit to be given therefor ; 6hat he handed the letter to Davis, who. promised to at *112 tend at the next court and make a settlement and giv'e a credit; and that Davis wrote to his attorney, directing him to give a credit for the amount paid Rushi He states various interrogatories lot Davis and Rush to answer, and prayed and obtained an injunction on the judgment at law, and asked for general relief. Jamefi Davis having .failed to file his answer in his lifetime, after his decease the suit was revived against Samuel Davis, his executor, who by his answer refers to and makes an exhibit with his answer, an answer which was prepared for his testator, James Davis, in his lifetime, but which was not previously filed. Every material allegation in the complainant’s bill, is denied in the answer of James Davis and that of his executor ; and Davis insists that if Beauchamp has any right to relief, he might have availed himself of it law. Rush, by his answer, denies that the assignment was ever made by him to Davis. He alleges that, confiding in James Davis* who was his soil-in-law, he transmitted to him the obligation, with a request to collect it for his (Rush’s) use and benefit: he admits the receipt of two horses from Beauchamp at the price of 43/. 6s. 8cl. in part discharge of the obligation ; he denies ever having received any thing from Davis in part pay for the obligation, and claims the benefit of what remains due from Beauchamp. Rush, after having answered the bill, died ; an order-was then made reviving the suit against his representatives, but at the hearing of this cause no notice of the order of revival had been served upon them. The cause, in this situation, was finally heard as to Davis, and Beauchamp’s bill, as to him, dismissed with costs and damages, and the injunction dissolved, and the cause continued as to the representatives of Rush. From this decree Beauchamp has prosecuted this appeal.
That Beauchamp has shewn by his bill a sufficient cause for relief in equity, we have no doubt: lor if, as he alleges, Rush held the beneficial interest in the obligation upon which the action at law was prosecuted against him, and that he has paid Rush part of the demand since the commencement of that action, it is clear he could not have availed himself of that pa) ment at law. It could not have availed him as a performance ®f his covenant, because his covenant had been previ- *113 ovisly broken : it was not available as an accord and sa-tisfactíoM, because the satisfaction was not complete to the whole demand : nor could it have been used as a setoff, because the payment was made after the action was commenced, and it is obvious the payment was not an available defence in the action at law under any admissible plea. The payment to Rush not being then a legal defence, if ' Davis held the obligation in trust for him, it is obvious the only ami proper remedy is in equity. ,
Whether, therefore, this equitable demand could properly and correctly be decided on, without the cause being brought to a hearing against both Rush and Davis’s representatives, is the only question necessarily involved in the determination of this cause ?
It is clear that both Davis and Rush were proper and necessary parties to Beauchamp’s bill. Had either not been made a party, and a decree obtained against the other, it is evident for that cause the decree would have been erroneous : for the interest of both is necessarily and materially involved in the contest. Whether Davis had an absolute right to the demand against Beau-champ, or held it in trust for Rush, is one principal point of inquiry. In a controversy involving such an inquiry, it seems obvious that a court of equity could not regularly make a decree unless both parties were before the court: and if the relative situation of both Davis and Rush as to the subject matter of contest, required they should be made parties to the suit, the same reason requires the cause should not be brought to a hearing against the one, before it is as to the other. In the case of Cox’s heirs vs. Strode, (vol. 2, p. 275) it was said that “ where the interests of defendants are so intimately connected that either could object to a bill because the others were not made parties, it would seem necessarily to follow that a decree as to some, without having the cause heard as to the others, would be erroneous.” This rule peculiarly and emphatically applies to the present case. Both Davis and Rush claim the exclusive right to the demand against Beauchamp. The right of Beauchamp to á decree against either the 6ne or the other,- depends upon the result of the contest which of them was entitled in equity to the claim against him when Beauchamp made payment to Rush: for if it *114 be true Rush was entitled to the demand against Bean-champ, it is clear he was guilty of no wrong in receiving-pay from him, and consequently he should not in a court of equity be made to repay what he had so received. Whether he was entitled to the demand, formed a principal inquiry in this cause j in a decision, therefore, involving such an inquiry, the representatives of Rush are essentially interested, and we think so intimately connected with that of Davis’s representatives in the present contest, that no decree as to the one should have been made without bringing the cause to a hearing as to the other. But it is urged the error is waived, because no objections were made by B'eaUchamp to going to trial, and because he consented to the hearing of the cause. By no decision of this court has a failure to object to the hearing of a cause ever been held a waiver to any objection for the want of proper parties ; but it has been repeatedly held that where a decree has been made without the proper and necessary parties being before the court, that for that cause the decree was erroneous. Nor is it conceived the record presents evidence of such a consent on the part of Beauchamp as precludes him from making the objection. Although after a decree similar in its provisions to the one now in question had been pronounced against him, he moved for a rehearing, and proposed as a condition upon which it should b® granted, that the rehearing should be immediately had, it is conceived that proposition, by no fair rule of construction, can be construed into a consent to waive all objections to a hearing of the cause as to Davis only. He proposed the cause should be imme. diately heard, not expressly as to Davis only ; but, from reasonable construction, regularly heard as to all proper and necessary parties.
'Oífriif, 1S13S
Uader the ña t*ceofK.eatuc« kyexecutors ate not to pay cofia Froper gouds. hot hit proper aga:nft them de hmpn¡riu%
*114 Upon the whole, we think the cause was improperly heard and decided, as to Davis, before it was brought to a hearing as to the representatives of Rush.
The decree must be reversed with costs, the cause remanded to that court for further proceedings, &c.